IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MYRICK L. BARBER                    )   CASE NO.  4:10CV1775
                                    )
          Petitioner,               )
                                    )   JUDGE CHRISTOPHER A. BOYKO
     v.                             )
                                    )
SHARTLE, WARDEN                     )   MEMORANDUM OF OPINION
                                    )   AND ORDER
          Respondent.               )

     Petitioner *pro se* Myrick L. Barber, incarcerated at the Federal Correctional Institution,

Elkton, Ohio, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. He asserts

that he is entitled to Residential Re-entry Center ("RRC") placement for 12 months or the balance

of his sentence if he is less than 12 months from release. He states in his Petition that he is serving

a sentence of 100 months for Possession with Intent to Distribute Drugs in violation of 21 U.S.C.

§ 841(A)(1) and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922

imposed in the United States District Court for the Southern District of Ohio. Presumably, Petitioner

requests this Court order the Bureau of Prisons ("BOP") to consider separately and in good faith

whether he should be awarded a 12 month (or the balance of his time) Residential Re-entry Center

("RRC") placement and report to this Court within 30 days of this Order as to the results of its

reconsideration of his RRC placement length.[1] He has a projected release date of September 25,

2011. Also before the Court is Petitioner's Motions for Clarification and for Appointment of

Counsel. (ECF 5).

_____

     [1] Petitioner neglected to include the last page of his Complaint that would include the
relief requested. His Complaint is similar to others filed in this Court.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736 *1 (6th Cir. Oct. 22, 2002).  At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th  Cir.2001).  Since Petitioner is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th  Cir.2003), *overruled on other grounds, Jones v. Bock*, 549 U. S. 199 (2007);  *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir.1999).  For the reasons set forth below, his Petition lacks merit.

A federal prisoner must exhaust his administrative remedies prior to filing a habeas petition under § 2241. *Fazzini v. Northeast Ohio Correctional Center,* 473 F.3d 229, 231 (6th Cir.2006); *Little v. Hopkins,* 638 F.2d 953, 953-54, (6th Cir.1981). It appears that Petitioner has not availed himself of the administrative procedure. He asserts that he should be allowed to file this action without exhausting the administrative appeal process because to do so would be futile. The Director of the BOP, Harley Lappin, allegedly publically stated on July 15, 2008, that he does not support anyone going to an RRC for more than six months.

The final decision is made by the General Counsel, not the Director of the BOP. There is nothing in the Petition, except speculation,  indicating that the General Counsel would rule as the Director of the BOP desires. Because the BOP must consider certain factors in determining RRC placement even if the Court orders it to do so, the Court cannot hold that the administrative remedy would be futile. As discussed below, placement of an inmate in a RRC is discretionary based on certain criteria, and an inmate must use the administrative procedure. The Court cannot order a specific length of RRC placement.

The Second Chance Act, 18 U.S.C § 3624(c)(1), provides that the Director of the BOP shall

2

"ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." As a result of this statute and the new 12-month maximum placement, the BOP issued guidance, directing that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates." *Ramirez v. Eichenlaub,* 2008 WL 4791892, 3 (E.D. Mich., Oct. 30, 2008) (quoting *Miller v. Whitehead*, 527 F.3d 752, 755 (8th Cir.2008)).

Although RRC placement is helpful for readjustment to society, a federal prisoner does not have a federal right to serve the final twelve months of his sentence in a RRC. While the Second Chance Act allows the BOP to place an inmate in an RRC for as much as twelve months of his sentence, it does not automatically entitle, or guarantee, any prisoner placement in a RRC. *See Demis v. Sniezek,* 558 F.3d 508, 514 (6th Cir.2009). *Harris v. Hickey*, 2010 WL 1959379, 3 (E.D. Ky., May 17, 2010). The Act only requires the BOP to consider placing an inmate in an RRC for up to a twelve month period. *Demis,* 558 F.3d at 514. Pursuant to the administrative regulations promulgated as a result of the Second Chance Act, the decision to place an inmate in pre-release community confinement is discretionary and will be "determined on an individual basis" according to the factors in 18 U.S.C. § 3621(b). *Rules and Regulations, Department of Justice, Bureau of Prisons,* 73 Fed.Reg. 62,440; 62, 441-42 (Oct. 21, 2008). *McIntosh v. Hickey*, 2010 WL 1959308 * 3 (E.D. Ky., May 17, 2010).

Whether to place an inmate in RRC is determined on an individual basis using the following criteria:

     (1) the resources of the facility contemplated;
     (2) the nature and circumstances of the offense;

3

(3) the history and characteristics of the prisoner;
 (4) any statement by the court that imposed the sentence;
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to
section 944(a)(2) of title 28.

18 U.S.C. § 3621(b)(1)-(5).  The BOP usually considers all relevant factors set forth in the statute.

Petitioner does include the Respondent's letter advising him what amount of time he would receive

for RRC placement. As long as the § 3621 factors were considered, the Court has no authority to

review the RRC placement. Petitioner has not alleged that the factors were not considered. The fact

that the analysis may not  have been explicit does not mean Respondent violated the Second Chance

Act. *See Keeper v. Lappen*, 2010 WL 1980202 * 5 (N.D. Ohio, May 18, 2010).

Accordingly, Petitioner's Motions for Clarification and for Appointment of Counsel are

denied.  This action is dismissed. *See* 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C.

§ 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:   September 24, 2010                                          **S/Christopher A. Boyko**
                                                                   JUDGE  CHRISTOPHER  A.  BOYKO
                                                                   UNITED STATES DISTRICT JUDGE

4